Our next case this morning is number 24, 1935, In Re, Estech Systems IP, LLC. Mr. Wittenselmer. Thank you, Your Honor. May it please the Court? 684 patent pertains to throttling data to improve the quality of voice over IP telephone calls. Throttling delays or deprioritizes non-voice data to prioritize voice data. The claims of the 684 patent accomplish this through two means. First, a specific throttling algorithm, and second, a specific structure or inter-arrangement between components. The examiner and board relied on the Bastini reference for the algorithms and the Chu reference for the structure. The board erred with respect to the disclosure of the throttling algorithms. Claim 29 requires throttling data sent from the workstation to the telephone and monitoring audio information received by the telephone from the multimedia server. So we have three components, the workstation, telephone in between, then a multimedia server. Data, as claimed, flows from the workstation through the telephone. Audio information flows in the opposite direction, multimedia information, or I'm sorry, audio information from the multimedia server to the telephone. So what is missing in the combined references? In the combined references, we believe both the throttling algorithms are not addressing the correct data in the correct directions, and also the structure is not disclosed. Right now I'm addressing the algorithms, specifically in Bastini. So in Bastini, figure 7, which is appendix 959, discloses the algorithm. Data flows from node A on the left through to node C on the right. And this is in the language of Bastini bursty data, which corresponds to the claimed data in 684 patent. All the data is always flowing left to right. And along the bottom of the diagram, there is a feedback from the third node back to the first node, node A, and that is where bursty data is throttled. And that feedback is generated in node B, and it is based on the amount of bursty data received and congestion. Okay, I'm sorry, it's on me, and I'm a little confused because there are different limitations that have been challenged. Are you on the first issue that's been raised? What limitation are you referring to now? My apologies, Your Honor. I'm on the, using claim 29, I'm on the final limitation, which is sufficiently throttling data. So we are talking about the algorithm, and the board and the examiner relied on Bastini. And what's your argument as to why Bastini doesn't disclose this? So Bastini, when we look at figure 7, and again, that's appendix No, but tell me, what is it, what's the claim limitation, what's the claim line? Your Honor, the claim limitation is sufficiently throttling the data, and specifically monitoring an amount of the audio information being received by the telephone from the multimedia. Is the monitoring, you say it requires monitoring of the audio information, and Bastini doesn't do that? Correct, correct, Your Honor, correct. So in Bastini, as mapped by the examiner. In Bastini, they're monitoring, they're throttling based on monitoring of the queue, right? They are throttling based on the, they are monitoring the bursty data, which corresponds to the claimed data. They're monitoring both, aren't they? Both the audio and the bursty data, they're monitoring the length of the queue. No, Your Honor, they're different queues. And the, in Bastini. How do I know they're different queues? Because it discusses bursty data versus other queues, I believe there are six queues disclosed in Bastini. And in addition, when Bastini's algorithm is mapped to the. You're saying Bastini shows monitoring only the bursty data queue? The, in Bastini, each queue is monitored. But in Bastini, the, each piece of information, or each data type, which corresponds to different queues is flowing left to right. So this is the workstation, telephone, outside. The claims are calling for information, audio information coming into the telephone from a multimedia server, which would be going in the opposite. They're doing the monitoring in the wrong place? Is that the. It's the wrong direction, first, because the audio information is claimed as coming from a multimedia server, not the workstation, which is how the board and the examiner read it. Second, the audio information, to the extent it is being received, is not being used to throttle the bursty data, because Bastini is making those decisions based on the queue for individual types of data, not taking the amount of data in one queue and using that to throttle a different queue. Is this the one where the, and the board's response was the claims don't require throttling be placed, be based on monitoring, right? I believe that's my counterpart's argument. I may have missed it in the decision, but my understanding was that the board did not contest it. My counterpart raised it in briefing. There was a discussion, I believe, of claim 14 and some claim differentiation. Yes. We disagree with that argument, Your Honor, for several reasons. Claim 14 is a separate independent claim. I thought it's a dependent claim. Claim 14 is an independent claim. And claim 14 differs markedly from claim 29, which is actually an issue. In claim 14, for example, there are multiple network devices, which separates it from claim 29. And there's also discussion or requirement of performing throttling actions in response to the data falling below a predetermined threshold. Now that is not recited in claim 29, which is actually an issue. In fact, that limitation comes in, for example, in a separate independent. I'm sorry. I am not following your argument. So the claim says sufficiently throttling based on monitoring of the audio data, right? Correct. And you say Bustini does not disclose this because what? Because Bustini never throttles bursty data, which is what was mapped to the claim data, does not throttle that based on monitoring audio information, which is in a separate queue. Bustini's throttling is one-to-one with respect to the queue. So if we have bursty data, it throttles bursty data based on parameters about bursty data. If we're in another queue... So you're saying it's not throttling bursty data based on audio data? Correct, Your Honor. Has this required... Did the board address that question? I do not believe they did, Your Honor. That position was not, again, reading through the opinion, I did not see that addressed by the board specifically. Did you raise that issue with the board? Yes, Your Honor. Where? I may have to find that for you for my rebuttal, Your Honor. Well, the board's analysis here, am I in the right place? Appendix 17 through 21. So the board... Correct, Your Honor. The board does address, discusses the algorithms. There's a discussion on relying on different algorithms. There's also discussion of our motivation to combine argument, but there's no, as far as I can see, no express discussion of the argument that throttling has to be performed based on the audio information. Well, it talks about it on 19. Stevie teaches monitoring traffic cues, which would include received voice or audio transmissions to indicate network congestion. That seems to suggest that they were monitoring both the audio and the bursty cues, right? I agree that each one is monitored as a distinct component or cue, but the issue is that the claim calls for using information from the monitoring of one cue to throttle a different cue, which is not disclosed in Bustini. That's really the crux. What this finding seems to suggest is that they were monitoring audio data as part of the overall monitoring and using that to determine throttling of bursty data. And you're saying that that's a misconstruction of Bustini? Correct, Your Honor. They are separate cues. I know that. They are separate cues that are regulated. Where does Bustini say they're separate cues? Did you have an expert to address this? No, Your Honor. The disclosure on Bustini, despite being somewhat complicated reference, is pretty straightforward on the cueing. And is the argument you're making today the one that the board refers to on 16 and 17? Sorry, Your Honor. Look at the board opinion 16 and 17, where it lists patent owners' contentions. Appendix 16 and 17. Is that the argument you're making here today? Yes, about how the algorithms function. I'm sorry? Yes, we are. Okay, so the board addressed that argument in the pages that follow, correct? I think the board addressed incorrectly had reached factual findings with respect to how the Bustini algorithms operate. Can you refer more specifically to the Bustini algorithm? Because I'm just a bit lost here. And the board's analysis, appendix 17 through 21, where the error was in the board's analysis. I think it's twofold. One, there's a disregard for the direction of data. And then, again, there's a general finding that audio information is monitored, and that's not contested by us. The issue is... But what you're saying is that Bustini shows monitoring of audio information, but that that's not used to throttle BERSTI data, correct?  And so where, and you say the board made a mistake in thinking that the throttling of BERSTI data was based in part on the audio data, which is what the board found. So show me where in Bustini it shows that there's no use of the audio data to throttle the BERSTI data. My apologies, Your Honor. I was actually finding it and then jumped back for Judge Prost's question. I think we're talking about the same thing. If I may take my rebuttal time and find that citation. No, no, no, no. Now. If it's so clear, you're having trouble finding it. It seems odd.  Well, you can't answer the question. I'm going to assume that you don't have any support for it. If you find it on rebuttal, you can do that. Thank you, Your Honor. May it please the court. I think I can resolve this issue by looking at the abstract of Bustini. On appendix page 954, it says congestion control is accomplished by controlling the transmission rate of BERSTI traffic in the presence of high-priority voice, low-speed statistical, high-speed deterministic multicast data. So it's saying that the throttling of the BERSTI traffic occurs in the presence of these other types of data, including voice data. So if it knows that there's voice data there, then it follows that that voice data is monitored and the BERSTI traffic is throttled based on that. In addition, if you look at appendix page 970, column 1, at the bottom, it says that during periods of network traffic congestion...  Sorry, what line are you on? Oh, I'm sorry. I'm on line 64 in column 1. It says during periods of network traffic congestion, when network traffic demand exceeds the network's bandwidth capacity, servicing algorithms are typically employed to discriminate between traffic classes in order to allocate bandwidth. And so if it's measuring the overall network traffic congestion, which voice data is part of it, then it's using that measurement or that monitoring to then throttle BERSTI data. I made the argument in my brief that claim 29 doesn't even connect the throttling to the monitoring, but even if it does, BASTINI discloses this and that's what the board relied on. I guess I would just like to touch on this argument that the throttling in BASTINI is not going in the right direction as compared to the claims. I think that misapprehends the obviousness inquiry here. The examiner and the board relied on choose network setup, so like the physical connection of the devices, which matches the claim limitation, and then relied on the concept of throttling BERSTI data in the presence of voice data from BASTINI. It's not that the examiner had to show that you could use the exact methods, the exact pathways that BASTINI used in CHOO. It's the teachings of BASTINI, the teachings or the acknowledgement that voice data is not tolerant to delay, and in a voice over IP network, it makes sense to slow down other types of traffic that aren't delay sensitive to allow that voice traffic to pass through. And that's what BASTINI teaches and that's what the 684 patent is directed to. Are there no further questions? Okay, thank you. Mr. Whitten-Zellner, I'll give you two minutes here. Thank you. Thank you, Your Honor. Going back to the question regarding monitoring, my counterpart pointed to column one. This is, recall there are two algorithms that the board and the examiner relied on. This is the so-called background algorithm, and the portion cited does not say anything about monitoring audio information to control bursty data. It talks generally about congestion. You said that the reference shows that they weren't controlling, throttling the bursty data based on the audio data, and you still have no answer as to where BASTINI shows that. There's no disclosure, Your Honor, in the background algorithm of using audio information, monitoring of that to... But it seems to say that it's using it. It just says general network congestion. We're not monitoring, and it's actually telling us there are six different... General network congestion includes audio data. But it says that there are six different types of cues of data that can cause this network congestion. Nowhere is it saying we are going to monitor audio information, one of these six cues, to control bursty data, another one of these six cues. And then the other algorithm is the so-called ICA algorithm, which is discussed in column 11, which is appendix 0975, and that discussion pertains solely to bursty data, without discussion of monitoring audio information or throttling it. So there's no disclosure, again, of using monitoring audio information to throttle a different type of data. And as to my counterpart's argument about obviousness, there was no argument about changing these algorithms and the direction in which they work to essentially drop them into the structure of CHU. Okay. Thank you. I think we're out of time. Thank you, Your Honor. I think both counsel and cases submitted.